[Cite as *Leech v. Schumaker*, 2015-Ohio-4444.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ALEC E. LEECH | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | |
| -vs- | |
| | Case No. 15CA56 |
| JACK SCHUMAKER, ET AL. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
Common Pleas, Case No. 2014CV0535


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     October 26, 2015


APPEARANCES:


For Plaintiff-Appellant     For Defendants-Appellees


GEORGE R. ORYSHKEWYCH     STEPHEN J. YEARGIN
6100 Oak Tree Boulevard Suite 200     6060 Rockside Woods Blvd, Suite 131
Independence, Ohio 44131     Independence, Ohio 44131

*Hoffman, J.*

{¶1} Plaintiff-appellant Alec E. Leech appeals the June 8, 2015 Judgment Entry entered by the Richland County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees Jack Schumaker, et al.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 7, 2013, Appellant, then a student in his junior year at Mansfield High School, seriously injured his left hand while using a table saw during a construction building trades class. Appellee Jack Schumaker was the teacher of the class at the time of the incident.

{¶3} Appellant had been in the construction building trades class since the beginning of the school year. During the initial weeks of class, Appellee Schumaker taught and demonstrated the safe use of power tools. Appellant along with his classmates received many forms of training concerning the use of power tools. The students were required to read a textbook which included safety instructions relative to the use of power tools. The textbook included a chapter specific to the table saw. The students watched a video demonstrating the safe operation of a table saw. In addition, Appellee Schumaker required all students to take and pass a test solely covering the use of a table saw prior to being permitted to use one in the classroom. Appellant read the textbook, watched the video, and passed the requisite test. Appellee Schumaker personally showed Appellant how to operate the table saw before Appellant was allowed to use the saw. According to Appellant, safety was Appellee Schumaker's number one rule. Appellee Schumaker reinforced the issue of safety on a daily basis.

{¶4} On the day of the accident, Appellant and his student partner had been operating the table saw for approximately forty-five minutes. They had been using the tool to cut a "nice size chunk of wood", and had cut several pieces without issue. Appellant's partner walked away to talk with other students. Although students were instructed to work with a partner when they were cutting a larger piece of wood, Appellant continued to use the table saw by himself after his partner walked away. Appellant was focused on keeping the wood aligned against the saw wall, not on the saw blade or guard. Appellant did not keep his hands on either side of the blade and away from the guard as he had been taught. Appellant does not know what happened, but his left hand went under the guard as he was pushing the wood through the blade. Appellant sustained injuries to the fingers on his left hand as a result.

{¶5} Appellant claims Appellee Schumaker was in the tool room, which is a small storage area located in the shop classroom, at the time of the accident. Appellee Schumaker testified he was 12 feet away with his back to Appellant, working with another group of students when the accident occurred.

{¶6} On May 23, 2014, Appellant filed a complaint against Appellees Mansfield City School District and Schumaker, alleging Schumaker acted recklessly and/or wantonly by failing to supervise Appellant during the class. Appellees filed an Answer on July 2, 2014.

{¶7} On April 6, 2015, Appellees filed a motion for summary judgment, claiming immunity as a political subdivision and as an employee of the same under R.C. 2744.01 et seq. Appellant conceded Appellee Mansfield City School District is a political subdivision falling within the purview of R.C. Chapter 2744, and Appellee Schumaker is

an employee of that political subdivision and was working within the scope of his employment at the time of the incident.

{¶8} Via Judgment Entry filed June 8, 2015, the trial court granted summary judgment in favor of Appellees. The trial court found Appellee Mansfield City School District was immune from liability and Appellant had failed to argue any of the exceptions to the general grant of immunity applied. The trial court also found Appellee Schumaker's conduct was not wanton or reckless; therefore, he was immune from liability.

{¶9} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

{¶10} "I. THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFF/APPELLANT."

SUMMARY JUDGMENT STANDARD OF REVIEW

{¶11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*(1996), 77 Ohio St.3d 102, 105.

{¶12} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary

judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

**{¶13}** It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C)which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

I

{¶14} In his sole assignment of error, Appellant challenges the trial court's grant of summary judgment in favor of Appellee Schumaker.[1]

{¶15} An employee of a political subdivision is immune from liability in a pure negligence action. However, an employee may be liable for actions if one of three exceptions to immunity as set forth in R.C. 2744.03(A)(6) apply.

{¶16} R.C. 2744.03(A)(6) provides:

In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or

---

[1] Appellant does not appeal the trial court's grant of summary judgment in favor of Appellee Mansfield City School District.

because the section uses the term "shall" in a provision pertaining to an employee.

{¶17} Appellant does not argue Appellee Schumaker is liable because his acts or omissions were outside the scope of his employment, nor does Appellant contend Appellee Schumaker is liable because he violated any statute which expressly imposed liability on him. Rather, Appellant asserts Appellee Schumaker is liable because he acted wantonly or recklessly,and the trial court erred in finding he was immune from liability.

{¶18} In *Anderson v. Massillon,* 134 Ohio St.3d 380, 2012–Ohio–5711, the Ohio Supreme Court held "wanton", "willful", and "reckless" describe different and distinct degrees of care and are not interchangeable. *Id.* at paragraph one of syllabus. Although Appellant does not allege Appellee Schumaker acted willfully, we have, nonetheless, included that definition herein.

{¶19} "Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is a great probability that harm will result." *Id.* at ¶ 33. Wanton misconduct has been likened to conduct that manifests a "disposition to perversity," but the Supreme Court abandoned "disposition to perversity" as an element of the definition of wanton misconduct in *Hawkins v. Ivy,* 50 Ohio St.2d 114, 363 N.E.2d 367 (1977). *Id.* at ¶ 28. " '[M]ere negligence is not converted into wanton misconduct unless the evidence establishes a disposition to perversity on the part of the tortfeasor'." *Fabrey v. McDonald Village Police Dept.,* 70 Ohio St.3d 351, 356, 639 N.E.2d 31 (1994) (Citation omitted). "[I]t must be under such surrounding circumstances and existing conditions that the party doing the act or failing

to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury." *Anderson, supra* at ¶ 25 citing *Universal Concrete Pipe Co. v. Bassett,* 130 Ohio St. 567, 200 N.E. 843 (1936), paragraph two of syllabus.

**{¶20}** "Willful conduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." *Anderson, supra* at ¶ 32. Willful misconduct involves "an intent, purpose, or design to injure." *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 375 (Citation omitted). Willful misconduct is something more than negligence and it imports a more positive mental condition prompting an act than wanton misconduct. *Phillips v. Dayton Power & Light Co.,* (1994), 93 Ohio App.3d 111, 119, 637 N.E.2d 963 (Citation omitted). "Willful misconduct" involves a more positive mental state prompting the injurious act than wanton misconduct, but the intention relates to the misconduct, not the result. *Mashburn v. Dutcher,* 5th Dist. No. 12 CAE 010003, 2012–Ohio–6283, ¶ 45.

**{¶21}** Both wanton and willful describes conduct that is greater than negligence and can be summarized as follows: willful conduct is the intent to harm someone and wanton misconduct is the failure to exercise any care whatsoever. *Anderson, supra* at ¶ 48.

**{¶22}** "Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under

the circumstances and is substantially greater than negligent conduct." *Id.* at ¶ 34 (Citations omitted).

**{¶23}** Appellant contends Appellee Schumaker's conduct in leaving the classroom while Appellant was using a table saw was wanton or reckless.

**{¶24}** This Court examined a similar fact pattern in *Martin v. Bd. Of Ed. for Mid-East Career & Tech. Ctrs.*, Muskingum App. No. CT11-0015, 2011-Ohio-5753. In *Martin*, a high school junior was injured while using a log splitter during a natural resources lab class. *Id.* at para. 1. The student and her mother filed a complaint against the school and the teacher. *Id.* at para. 2. After the school was dismissed, the teacher filed a motion for summary judgment on the grounds he was entitled to immunity. *Id.* at para. 2-3. The trial court granted summary judgment in favor of the teacher. *Id.* The student and her mother appealed, arguing "the trial court erred in granting summary judgment under the sovereign immunity doctrine as there [were] genuine issues of material fact as to whether [the teacher] acted willfully, wantonly, or recklessly in failing to train and supervise [the student] in the use of the log splitter." *Id.* at para. 6.

**{¶25}** Affirming the trial court, this Court found the facts as presented did not rise to the level of perverse disregard of a known risk or a reckless disregard of the safety of the students. *Id.* at para. 45. This Court noted the teacher had given safety instructions on the log splitter, the student had taken a safety test, and the teacher was on his way out to personally observe the student and her group. *Id.*

**{¶26}** We find Appellee Schumaker's conduct in leaving the work area of the classroom to go into a tool room while Appellant was operating the table saw was not

wanton or reckless. We further find the trial court did not err in granting summary judgment in Appellee Schumaker's favor. Appellee Schumaker implemented extensive safety measures for all students when using power tools. Appellant was provided with safety instructions, watched a video on the safe operation of the table saw, took a written test, observed Appellee Schumaker operate the equipment, and had previously operated the equipment. Appellant continued to use the table saw after his partner walked away from their project. Appellant had been instructed to work with a partner when sawing a large piece of wood. Although Appellant was sawing a large piece of wood, he worked alone.

{¶27} Appellant submits the facts in *Martin,* supra, are distinguishable as the teacher in *Martin* did not leave the classroom, but was merely a distance away working with other students when the accident occurred, and the teacher in *Martin* did not require students on the log splitter to work with a partner as Appellee Schumaker did with his students when working with a table saw. We find these distinctions do not affect our analysis. Appellee Schumaker was in a storage room located inside the classroom. Like the teacher in *Martin*, the fact his attention could not be on every student at every moment did not render his actions wanton or reckless.

{¶28}  Appellant's sole assignment of error is overruled.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur