[Cite as *Crisster v. Zimmer Surgical, Inc.*, 2015-Ohio-4754.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| RAYMON CRITSER, II | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| ZIMMER SURGICAL, INC., ET AL. | : | Case No. 2015 AP 04 0014 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 2014 CW 06 0386


JUDGMENT:    Reversed and Remanded


DATE OF JUDGMENT:    November 13, 2015


APPEARANCES:

For Plaintiff-Appellant                  For Defendants-Appellees

STEVEN J. BRIAN                         R. CLINT ZOLLINGER, JR.
ABIGAIL I. MARCHISIO                   Millennium Centre - Suite 300
81 Maplecrest Street, SW               200 Market Avenue North
North Canton, OH  44720                Canton, OH  44702

*Farmer, J.*

{¶1}   On July 30, 2013, appellant, Raymon Critser, II, was working for appellee, Zimmer Surgical, Inc., when he complained of knee pain after his scheduled break after lifting and maneuvering boxes onto a skid.   Appellant filed a workers' compensation claim for left knee sprain which the Industrial Commission denied on April 9, 2014 (Claim No. 13-839672).

{¶2}   On June 27, 2014, appellant filed an appeal with the Court of Common Pleas.   On January 30, 2015, appellee filed a motion for summary judgment, claiming appellant was not entitled to receive workers' compensation benefits because he was not performing any work activities when the left knee pain occurred.   On February 27, 2015, appellant filed his memorandum in opposition, and included his own affidavit and the affidavit of his doctor, Mark Shepherd, M.D., who averred appellant suffered a "left knee medial meniscus tear and left knee chondral injury when he was loading a skid at work on July 30, 2013."   By judgment entry filed March 18, 2015, the trial court granted summary judgment to appellee, finding appellant's idiopathic injury did not "arise out of" his employment with appellee, and dismissed the complaint.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "THE  TRIAL  COURT  ERRONEOUSLY  FOUND  APPELLANT'S TREATING PHYSICIAN'S AFFIDAVIT IMPROPER, UNDER CIVIL RULE 56(E), FOR LACK OF PERSONAL KNOWLEDGE."

I

{¶5}   Appellant claims the trial court erred in granting summary judgment for appellee.  We agree.

{¶6}   Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

Civ.R. 56(C)   provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶7}   As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court*.  Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶8}    As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986).   The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.   The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case.   Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims.   If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.   However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not

so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶9} R.C. 4123.01(C) defines "injury" for purposes of workers' compensation benefits as: "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

{¶10} In granting summary judgment to appellee, the trial court stated the following in its March 18, 2015 judgment entry:

**FINDS** that the evidence allowed to be considered on a summary judgment motion supports the conclusion that Plaintiff sustained an idiopathic injury on 7/30/2013; that the statutory elements of an injury as provided in **R.C. 4123.01(C)** cannot be established by the undisputed facts in this case; that Plaintiff's alleged injury was **not** caused by accidental means, nor was it accidental in character and result; and, consequently, Plaintiff's idiopathic injury did not "arise out of" his employment with Defendant Zimmer Surgical Inc. The Affidavit of Mark Shepherd M.D. cannot be considered as appropriate under **Civ.R. 56(E)** because Dr. Shepherd has provided no evidence, beyond the Affidavit, that he has any personal knowledge as to whether the Plaintiff was

"loading skids when his injury occurred," and, consequently, cannot testify to this alleged fact by affidavit or otherwise.

{¶11} An "idiopathic injury," for purposes of workers' compensation, "refers to an employee's preexisting physical weakness or disease which contributes to the accident." *Waller v. Mayfield,* 37 Ohio St.3d 118, fn. 3 (1988), citing 1 Larson, The Law of Workmen's Compensation (1985) 3–308, Section 12.00.

{¶12} Appellant argues the trial court erred in finding Dr. Shepherd's affidavit was insufficient and there was no proof that his injury arose out of his employment. In his affidavit filed February 27, 2015, Dr. Shepherd averred the following: "Based on the enclosed records, it is my opinion, within a reasonable degree of medical probably, that Mr. Crister (sic) suffered a 'left knee medial meniscus tear and left knee chondral injury' when he was loading a skid at work on July 30, 2013."

{¶13} Dr. Shepherd prefaced his opinion on the medical record he prepared of appellant's visit on August 28, 2013, attached to his affidavit, which included the following in pertinent part:

**PRESENT ILLNESS INFORMATION**

Chief Complaint: Here for left knee pain

HPI:

S1: Here for left knee pain. Patient states that he thinks he injured his knee at work on July 30, but no actual injury recalled. States he was working fine then knee just became very painful. He states he pivots and

twists on his knee all day long.  Gets swelling in the knee, pain is anterior-medial.  Denies click, grind, pop.  Notices stiffness when gets up in morning.  Dr. Fusek, work dr. has him off work.  Was taking ibuprofen, didn't really help.  Dr. Varrati took xray in his office, did not bring.  Had MRI, brought disc.  No prev sx. cwinesdoerfferLPN.

*\*\**

PHYSICAL EXAMINATION

Examination of his left knee reveals a mild effusion.  Patellofemoral crepitus is present with pain on patellar compression.  No patellar apprehension or instability is noted.  Lateral patellar tracking is noted with lateral patellar tilt.  Tenderness is present over his medial joint and anterior medial aspect of his knee.  No anterior posterior varus/valgus instability is present.  No deformity is noted.  No ccchymosis is noted.  No crythema or warmth is noted.  Reflexes are 2+ and pulses are 2+ bilaterally.  Motor sensory examination is intact.

MRI evaluation of his left knee reveals a possible tear in his medial meniscus.  Chondral injury is also noted over his medial femoral condyle.

IMPRESSION

Left knee strain with possible chondral injury or meniscal tear.


{¶14}  This medical record was followed up with medical records of visits dated September 13 and 27, 2013, November 8, 2013, December 6, 2013, March 11, 2014, and April 2, 2014.  Appellant had surgery on his knee on September 19, 2013.

{¶15}  Civ.R. 56(E) states the following:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.  Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.  The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶16}  As argued by appellee in its motion for summary judgment, it is appellee's position, embraced by the trial court, that Dr. Shepherd's affidavit was not based upon his personal knowledge regarding the origin of appellant's present left knee pain. Appellee picks apart various statements made in the medical records.  Some of the observations are correct.  No treating physician can actually testify as to what happened on the date of the claimed injury.  That is why Ohio courts require an opinion based

upon "facts or data" as set forth in Evid.R. 703, 704, and 705 which state the following, respectively:

[Evid.R. 703] The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by the expert or admitted in evidence at the hearing.

[Evid.R. 704] Testimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact.

[Evid.R. 705] The expert may testify in terms of opinion or inference and give the expert's reasons therefor after disclosure of the underlying facts or data. The disclosure may be in response to a hypothetical question or otherwise.

{¶17} We find Dr. Shepherd's affidavit meets the requirements of these rules.

{¶18} Appellee also challenges the issue of whether appellant's injury "arose out of" his employment. We find appellant's affidavit, filed February 27, 2015, created an issue of fact on whether he sustained the left knee injury in the course of his employment:

2. I was injured during my employment with Zimmer Surgical, Inc. on July 30, 2013.

3. On that date I was working as an inspector/packer.

4. Before going to break, I was tidying up the packers' work stations. When doing so, I was putting boxes onto a skid.

5. I did not feel pain in my knee at that time.

6. After tidying up, I went to break. When I tried to get up from the table after break, I felt pain in my left knee.

7. I feel that the pivoting and twisting when putting boxes on skids caused injury to my left knee.

8. I had prior problems with my left knee in 2002 through early 2003.

9. My knee did not bother me after I stopped treating in 2003 until July 30, 2013, when I had this injury.

{¶19} As stated above, the record on summary judgment must be viewed in a light most favorable to the non-moving party. We accept the affidavit under the summary judgment standards, and find genuine issues of material facts exist to survive the motion for summary judgment.

{¶20} Upon review, we find the trial court erred in granting summary judgment to appellee.

{¶21} The sole assignment of error is granted.

{¶22} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 1029