[Cite as *Acheff v. Meijer, Inc.*, 2019-Ohio-2314.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PETER ACHEFF | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MEIJER, INC. | : | Case No. 18CA86 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2017CV0908

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            June 10, 2019

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

BYRON CORLEY                            W. CHARLES CURLEY
28 Park Avenue West                     10 West Broad Street
Suite 1002                              Suite 2400
Mansfield, OH  44902                    Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Pete Acheff, appeals the August 23, 2018 judgment entry of the Court of Common Pleas of Richland County, Ohio, granting summary judgment to Defendant-Appellee, Meijer Inc.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On December 22, 2017, appellant filed a complaint against appellee claiming false accusations and unlawful detention.  Appellant alleged on December 28, 2016, upon attempting to exit appellee's store, he was stopped and accused of stealing. Appellee's employee "forcibly and unlawfully seized" appellant's shopping bag, and appellant was detained for approximately thirty minutes.  As a result, appellant suffered "great and lasting mental anguish" requiring "continuous expert counseling into the future."

{¶ 3}   On July 24, 2018, appellee filed a motion for summary judgment, arguing statute of limitations and no genuine issues of material fact.  By judgment entry filed August 23, 2018, the trial court agreed and granted appellee's motion.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}   "REVIEWING THE MOTION FOR SUMMARY JUDGMENT DE NOVO THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF ACHEFF BY BRANTING MEIJER'S, INC. MOTION FOR SUMMARY JUDGMENT."

I

{¶ 6}   In his sole assignment of error, appellant claims the trial court erred in granting summary judgment to appellee.  We disagree.

{¶ 7}   Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 8}   As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.  *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 9} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall

be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 10} In his complaint filed December 22, 2017, appellant alleged the following in pertinent part:

3. On or about December 28, 2016, plaintiff was an invitee on defendant's premises.

4. On said date, plaintiff purchased and paid for merchandise in defendant's store.

5. As plaintiff proceeded past the point of sale terminal an employee of defendant walked hurriedly toward plaintiff, grabbed his shopping bag and falsely and maliciously accused plaintiff in a loud and startling voice: "I want to see what's in that bag you have stolen!!"

6. Defendant's employee forcibly and unlawfully seized the bag held by the plaintiff.

7. Defendant then and there compelled plaintiff to remain there for approximately thirty minutes.

8. As a direct and proximate result of the false accusations, and plaintiff's unlawful detention, plaintiff was humiliated, embarrassed, suffered great and lasting mental anguish that required continuous expert counseling into the future.

{¶ 11} In its motion for summary judgment filed July 24, 2018, appellee argued appellant's claims were beyond the statute of limitations and further, genuine issues of material fact did not exist.

{¶ 12} In its judgment entry filed August 23, 2018, the trial court made numerous citations to appellant's deposition testimony wherein appellant explained the incident in detail. Thereafter, the trial court granted the motion for summary judgment, finding the following on the statute of limitations issue:

Plaintiff's complaint raises claims of defamation and false imprisonment, both subject to the one-year statute of limitations found in O.R.C. § 2305.11(A). This case was filed on December 22, 2017; consequently, in order to be filed within the statute of limitations, the cause of action must have accrued on or after December 22, 2016.

Defendant argues that from the deposition testimony, the court can infer the date of the incident occurring prior to December 21, 2016, the last day of fall, based on Mr. Acheff's deposition testimony that "it happened in the fall," it happened in 2016, and he didn't think it was December.

There is no sworn factual allegation cognizable under Civ. R. 56(C) that these events happened on or after December 21, 2016. Consequently, there is no dispute of material fact to be resolved. The case is barred by the one-year statute of limitations, and the defendant is entitled to summary judgment on that basis.

{¶ 13} Based upon our review of the record and appellant's deposition testimony, we concur with the trial court's analysis.  Acheff depo. at 28-29, 80.

{¶ 14} The trial court further found on the genuine issues of material fact issue:[1]

In this case, the defendant has pointed out the undisputed testimony of Mr. Acheff at deposition, which establishes that the only delay in the plaintiff leaving the Meijer store was not caused by the store employee who allegedly accosted Mr. Acheff, but by the automatic operation of the door opening and closing mechanism.

Mr. Acheff voluntarily appeared at the Meijer store premises and he was free to leave during the entire encounter with the Meijer employee.  In fact, the Meijer employee explained to him how to trigger the door to re-open so that he could leave.  The court finds as a matter of law that there was no confinement of the plaintiff to support a claim for false imprisonment.

{¶ 15} Based upon our review of the record and appellant's deposition testimony, we concur with the trial court's analysis.  Acheff depo. at 10, 45-53.  Appellant was not detained at all, let alone thirty minutes as alleged in his complaint.

---

[1]We note the trial court analyzed the motion for both a false imprisonment claim and a defamation claim stemming from appellant's complaint allegation of "false accusations." However, in his appellate brief at 1, appellant acknowledges he filed "a false imprisonment action against appellee" and does not mention any defamation claim. Therefore, we will review the trial court's findings on the false imprisonment claim only.

{¶ 16} Upon review, we find the trial court did not err in granting summary judgment to appellee.

{¶ 17} The sole assignment of error is denied.

{¶ 18} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.


EEW/db 531