[Cite as *Gerrity v. Chervenak*, 2019-Ohio-2687.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TIMOTHY D. GERRITY | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JOHN E. CHERVENAK, TRUSTEE | : | Case No. 18 CA 26 |
| OF THE CHERVENAK FAMILY | : | |
| TRUST, ET AL. | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                      Pleas, Case No. 17-CV-402



JUDGMENT:                             Affirmed



DATE OF JUDGMENT:                     June 28, 2019



APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

JAMES F. MATHEWS                       MICHAEL D. DORTCH
400 South Main Street                  RICHARD PARSONS
North Canton, OH  44720                65 East State Street
                                       Suite 200
JOHN C. FINNUCAN                       Columbus, OH  43215-5240
97 West Drive
Hartville, OH  44632

*Wise, Earle, J.*

{¶ 1}  Plaintiff-Appellant, Timothy D. Gerrity, appeals the August 16, 2018 judgment entry of the Court of Common Pleas of Guernsey County, Ohio, granting summary judgment to Defendant-Appellee, John E. Chervenak, Trustee of the Chervenak Family Trust.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}  This case centers on the rightful owner of mineral rights of real property located in Guernsey County, Ohio.  The reservation of mineral rights was originally created in a warranty deed from T.D. Farwell to Robert C. Shaefer, recorded on November 6, 1961.  Mr. Shaefer received the surface rights and Mr. Farwell reserved the mineral rights to the subject property.  The reserved mineral rights were conveyed by certificate of transfer from Mr. Farwell's estate to his daughter, Jane F. Richards, recorded on October 19, 1965.

{¶ 3}  By warranty deed recorded November 22, 1999, Mr. Schaefer's surface rights were transferred to John and Gloria Chervenak.  On June 14, 2012, the Chervenaks recorded an affidavit of abandonment of the subject mineral rights under the Ohio Dormant Mineral Act (hereinafter "ODMA").  On July 9, 2012, the Chervenaks recorded a notice of failure to file which resulted in them becoming the title owners of the mineral rights.  Appellee is the successor to the Chervenaks and the current surface owner of the real property.  Appellant is the sole descendant and heir of Jane F. Richards, and therefore claims to be the rightful owner of the mineral rights via a probate action in Florida.

{¶ 4} On August 4, 2017, appellant filed a declaratory judgment and quiet title action against appellee and others not a part of this appeal, seeking a declaration that the affidavit of abandonment is invalid and he is the exclusive owner of the mineral rights. Appellant alleged the Chervenaks' efforts to capture the mineral rights under the ODMA were insufficient because they failed to exercise reasonable diligence to locate him and serve him notice. On September 11, 2017, appellee filed an answer and counterclaim for declaratory judgment and quiet title, seeking to be named the owner of the mineral rights under the ODMA. Appellee alleged the notice and service requirements under the ODMA were met.

{¶ 5} Each party filed motions for summary judgment. On July 18, 2018, appellant filed a motion to strike portions of appellee's reply brief, claiming the complained of portions eluded to new factual information that was beyond the scope of prior discovery that he relied upon. By entry filed August 12, 2018, the trial court found no genuine issues of material fact to exist and granted summary judgment to appellee. The trial court ordered appellee's counsel to submit a proposed entry. By final judgment entry filed August 16, 2018, the trial court granted appellee's motion, declaring appellee to be the rightful owner of the mineral rights and any claims of appellant were barred under the ODMA.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 7} "THE TRIAL COURT ERRED WHEN IT GRANTED THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT, TO APPELLANT'S PREJUDICE."

II

{¶ 8}   "THE TRIAL COURT ERRED WHEN IT PERMITTED APPELLEE TO RELY UPON EVIDENCE WHICH CONTRADICTED SWORN DISCOVERY RESPONSES RELIED UPON BY APPELLANT, AND WHICH WAS INTRODUCED ONLY THROUGH THE VEHICLE OF A REPLY BRIEF, TO APPELLANT'S PREJUDICE."

I

{¶ 9}   In his first assignment of error, appellant claims the trial court erred in granting summary judgment to appellee.  We disagree.

{¶ 10} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 11} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 12} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be

denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 13} In his motion for summary judgment filed May 11, 2018, appellant argued he was the rightful "holder" of the mineral rights because appellee failed to follow the statutory procedures under the ODMA related to notice and service.

{¶ 14} In his motion for summary judgment filed June 12, 2018, appellee argued he was the rightful owner of the mineral rights because the statutory procedures were followed and the mineral rights were correctly deemed abandoned under the ODMA in 2012.

{¶ 15} It is undisputed the mineral rights were transferred to Jane F. Richards upon the death of her father. At the time of the recorded transfer in 1965, her address was listed as being in Cleveland, Ohio. Ms. Richards died in Florida in 1997. Gerrity aff. at ¶ 2. She left all of her real estate interests to appellant via Broward County Probate Case No. PRC 97-8415. *Id.* at ¶ 3.

{¶ 16} In 1999, John and Gloria Chervenak became the owners of the surface rights to the subject property. Ten years prior, on March 22, 1989, the Ohio General Assembly passed the ODMA, codified in R.C. 5301.56. The ODMA permitted surface

owners to claim severed mineral interests deemed abandoned by the holder of the mineral interests. In 2006, the ODMA was amended to include detailed procedures for the surface owner to follow to capture the claimed abandoned mineral rights. The surface owner must give the holder of the mineral rights notice of the intent to declare the mineral rights abandoned. R.C. 5301.56(E)(1). In order to avoid a declaration of abandonment, the mineral rights holder must either record a claim of preservation or an affidavit identifying a "savings event" within the allotted time after service of the notice. R.C. 5301.56(C) and (H)(1). If the mineral rights holder fails to do so, the surface owner perfects record title to the mineral rights by recording an affidavit of abandonment and a notice of the mineral rights owner's failure to file. R.C. 5301.56(G) and (H)(2). Title of the mineral rights is then administratively transferred to the surface owner by the county recorder.

{¶ 17} The gravamen in this case is whether appellee perfected service of notice of his intent to have the mineral rights declared abandoned.

{¶ 18} Under R.C. 5301.56(E)(1), a surface owner must first attempt notice by certified mail "to each holder or each holder's successors or assignees, at the last known address of each." According to the Guernsey County Recorder's Office, Ms. Richards was the registered holder of the mineral rights. McCombs aff. at 7. In March 2012, appellee attempted certified mail service to Ms. Richards's last known address, the Cleveland address listed in the 1965 certificate of transfer. *Id.* at ¶ 12. The service failed as the address was marked "Vacant – Unable to Forward." *Id.* A search of the county recorder's records and the probate court records in Guernsey County (property's location)

and Cuyahoga County (last known address) did not reveal any other addresses for Ms. Richards or any estate or heirs. *Id.* at ¶ 9 and 10.

{¶ 19} Pursuant to R.C. 5301.56(E)(1), if certified mail fails, the surface owner "shall publish notice of the owner's intent to declare the mineral interest abandoned at least once in a newspaper of general circulation in each county in which the land that is subject to the interest is located." In May 2012, notice of abandonment was published in the "The Jeffersonian," the newspaper of general circulation in Guernsey County. McComb aff. at ¶ 13. Thereafter, in July 2012, because the mineral rights holder failed to make a filing under R.C. 5301.56(C) and (H)(1), appellee filed a notice of failure to file pursuant to R.C. 5301.56(H)(2). *Id.* at ¶ 14.

{¶ 20} Appellant argues appellee did not exercise due diligence in identifying him as the record holder of the mineral rights and never attempted to send him notice via certified mail. Apparently, the trial court disagreed as it awarded the mineral rights to appellee. In neither its August 2, 2018 entry nor its August 16, 2018 final judgment entry did the trial court specifically address the issue of service of notice. We can only presume the trial court based its decision on service having been perfected since that was the sole issue argued in the motions for summary judgment.

{¶ 21} In *Shilts v. Beardmore,* 7th Dist. Monroe No. 16 MO 0003, 2018-Ohio-863, ¶ 14, *appeal not accepted,* 153 Ohio St.3d 1433, 2018-Ohio-2639, 101 N.E.3d 464, our colleagues from the Seventh District found an attempt to locate heirs by searching public records and an online search constituted "reasonable efforts" to find any heirs. Because the search was fruitless, publication was proper. The *Shilts* court at ¶ 15 acknowledged: "It would be absurd to absolutely require an attempt at notice by certified mail when a

reasonable search fails to reveal addresses or even the names of potential heirs who must be served."

{¶ 22} In *Sharp v. Miller,* 7th Dist. Jefferson No. 17 JE 0022, 2018-Ohio-4740, ¶ 17, the Seventh District revisited the issue and stated the following:

In *Shilts,* we reviewed whether the following search efforts satisfied the "reasonable due diligence" standard: probate records, public records, Ohio Department of Natural Resources ("ODNR") records, and an internet search. *Id.* at ¶ 14. We found that, based on the facts of that case, these efforts satisfied the due diligence requirement. *Id.* at ¶ 15. Appellants ask this Court to require these exact efforts in every case. Contrary to Appellants' arguments, we did not establish in *Shilts* a bright-line rule or definition of "reasonable due diligence." Because the standard relies on the reasonableness of any party's actions, whether that party's efforts constitute "due diligence" will depend on the facts and circumstances of each individual case. In other words, reasonable actions in one case may not be reasonable in another case.

{¶ 23} The primary difference between the case sub judice and the cases cited is that appellee herein did not conduct an online internet search. In his appellate brief at 8, appellant argues reasonable diligence required appellee "to search the internet for the address of Jane Richards and for the identify (sic) her heir and his whereabouts."

{¶ 24} Ms. Richards's last known address was in Cleveland. She died in December 1997 in the state of Florida where her will was probated. Gerrity aff. at ¶ 2 and 3. Appellant is an attorney and is a resident of Franklin County, Ohio. *Id.* at ¶ 5. His last name is not Richards.

{¶ 25} Appellee sent notice to Ms. Richards's last known address in Cleveland which was returned, and then searched the county recorder's records and the probate court records in Guernsey County (property's location) and Cuyahoga County (last known address). The searches did not reveal any other addresses for Ms. Richards or any estate or heirs. Based upon the facts of this case, we find the searches that were conducted constituted reasonable efforts. Ms. Richards passed away in 1997, fifteen years prior to the search. Appellant averred her obituary was "readily available and discoverable through an internet search" without any additional proof as to how "readily." Gerrity aff. at ¶ 2. Appellant argues in his appellate reply brief at 3 that " 'reasonable diligence' requires the use of online techniques, such as searches using paid subscription services like ancestry.com, MyHeriitage.com, Beenverified.com, etc." The plain language in the statute requires certified mail "to each holder or each holder's successors or assignees, at the last known address of each." The registered holder was Ms. Richards. Appellee sent certified mail to her last known address. When the mail was returned, appellee furthered the search by searching probate records in two counties in a failed attempt to find an estate and heirs. We do not find that the ODMA contemplates a worldwide exhaustive search for a "holder."

{¶ 26} Because appellee was unable to complete service by certified mail "to each holder or each holder's successors or assignees," service by publication was properly

obtained instead.  Civ.R. 4.4 governing service by publication does not apply in this case. R.C. 5301.56 does not reference Civ.R. 4.4, and the procedures for publication under the ODMA are set forth in subsections (E)(1) and (F).

{¶ 27} Upon review, we find the trial court did not err in granting summary judgment to appellee.

{¶ 28} Assignment of Error I is denied.

II

{¶ 29} In his second assignment of error, appellant claims the trial court erred in permitting appellee to rely on facts which were first introduced in his reply brief.  We disagree.

{¶ 30} Appellant complains that appellee misstated the scope of his search. Appellant argues in an interrogatory, appellee answered he searched the deed, tax, and probate court records of Guernsey County and in his reply, he included a search of the records of Cuyahoga County.  Searches in both Guernsey and Cuyahoga counties were first introduced by appellee in its motion for summary judgment filed June 12, 2018, supported via the affidavit of Barbara K. McCombs.  Appellee's claims regarding the extent of his search were not first raised in his reply brief.

{¶ 31} Appellant also challenges appellee's assertion in footnote 1 of his July 3, 2018 reply brief to appellant's memorandum in opposition to appellee's motion for summary judgment that Ms. McCombs "recently recalled that she also performed an online searches (sic) of obituary records to attempt to determine if Jane F. Richards had

died and whether she had left any next of kin." In this same footnote, appellee acknowledged he chose not to amend his prior summary judgment briefings to add this information, but would do so if the trial court believed such evidence would be useful in its analysis. Such an amendment if permitted by the trial court would have given appellant an opportunity to respond.

{¶ 32} There is no evidence to suggest that the trial court considered this added fact, and it was not considered by this court in its review.

{¶ 33} Assignment of Error II is denied.

{¶ 34} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.

By Wise, Earle, J.

and Gwin, P.J.

Delaney, J. dissents.

EEW/db 328

*Delaney, J., dissenting.*

{¶36} I respectfully dissent from the majority's analysis and disposition of appellant's assignments of errors and would reverse the trial court's granting of summary judgment in favor of appellees.

{¶37} As an initial matter, I would find as a matter of law that appellant is a "holder" of the subject mineral interests under R.C. 5301.56(A) and was entitled to be served by certified mail pursuant to R.C. 5301.56(E) before restoring to service by publication.

{¶38} I disagree with the majority's conclusion at ¶ 10 that appellee made reasonable efforts to determine appellant's name and address. At the time of the 2012 search conducted by appellee, the record holder Jane Richards would have been, at minimum, 66 years old as the Certificate of Transfer from Thomas Farwell to Jane Richards reflects she was an adult in 1965 and presumably as least 18 years of age.

{¶39} The record reflects appellee attempted certified mail service on Jane Richards at a Cleveland address that was at least 45 years old, without determining if any information existed outside the recorder and probate court records of Guernsey and Cuyahoga counties as to her possible death or change of address. Given that very few people remain at the same address for 45 years due to the transitional nature of modern society, along with the availability of online obituaries, person locator websites and other internet resources, such an attempt by Appellee falls woefully short of being reasonable in the 21st century. The record also reflects credibility determinations exist as to appellee's witness who conducted the search.

{¶40} For these reasons, I would reverse the judgment of the trial court and remand this matter for trial.