[Cite as *Hornacek v. Madenfort*, 2019-Ohio-5180.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CHRIS HORNACEK | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MITCHELL MADENFORT, ET AL. | : | Case No. 2019CA00058 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2018CV00277



JUDGMENT:                       Affirmed



DATE OF JUDGMENT:               December 9, 2019



APPEARANCES:

For Plaintiff-Appellant                 For Defendants-Appellees

DARREN W. DEHAVEN                       RONALD K. STARKEY
3500 Massillon Road                     ADAM M. RUNKLE
Suite 410                               638 West Maple Street
Uniontown, OH  44685                    Hartville, OH  44632

*Wise, Earle, J.*

{¶ 1}　Plaintiff-Appellant, Chris Hornacek, appeals the March 18, 2019 judgment entry of the Court of Common Pleas of Stark County, Ohio, granting summary judgment to Defendant-Appellee, Madenfort Excavating, Ltd.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}　On or about August 3, 2017, the parties verbally agreed that Mitchell Madenfort and appellee would sell an excavator to appellant for $40,000.　The excavator was to be delivered in November or December, 2017.　At some point, the excavator was sold to a third party, Ohio CAT.

{¶ 3}　On February 22, 2016, appellant filed a complaint against Mr. Madenfort and appellee, claiming breach of agreement and promissory estoppel.　The case was referred to mediation which was unsuccessful.

{¶ 4}　On February 8, 2019, Mr. Madenfort and appellee filed a motion for summary judgment, claiming statute of frauds (R.C. 1302.04), neither party fell under the "merchant" exception of the statute, and promissory estoppel was inapplicable.　In an opposition memorandum filed February 22, 2019, appellant removed Mr. Madenfort as a party as well as the claim for promissory estoppel.　By judgment entry filed March 18, 2019, the trial court granted summary judgment to appellee.

{¶ 5}　Appellant filed an appeal and this matter is now before this court for consideration.　Assignment of error is as follows:

I

{¶ 6}　"THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT MADENFORT EXCAVATING, LTD."

I

{¶ 7}   In his sole assignment of error, appellant claims the trial court erred in granting summary judgment to appellee.  We disagree.

{¶ 8}   Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 9}   As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.  *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 10} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 11} In his complaint filed February 5, 2018, appellant claimed Mr. Madenfort and appellee would sell him an excavator for $40,000. Delivery was to be in November or December 2017, depending on when appellee's new excavator was going to be delivered. The agreement between the parties was not reduced to writing. The excavator was subsequently sold to a third party. Appellant alleged claims of breach of agreement and promissory estoppel.

{¶ 12} In their motion for summary judgment, Mr. Madenfort and appellee argued the oral agreement was unenforceable under the statute of frauds [R.C. 1302.04(A)], neither party fell under the "merchant" exception of the statute [(R.C. 1302.04(B) and 1302.01(A)(5)], and promissory estoppel was inapplicable. In his opposition memorandum, appellant removed Mr. Madenfort as a party as well as the claim for promissory estoppel. Appellant argued appellee, as an excavation company, was a merchant "who deals in goods of the kind" (excavators), and held itself "out as having knowledge or skills peculiar to the practices or goods involved in the transaction."

{¶ 13} R.C. 1302.04(A) states the following:

> Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

{¶ 14} R.C. 1302.04(B) states:

Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of division (A) of this section against such party unless written notice of objection to its contents is given within ten days after it is received.

{¶ 15} R.C. 1302.01(A)(5) defines "merchant" as:

[A] person who deals in goods of the kind or otherwise by the person's occupation holds the person out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by the person's employment of an agent or broker or other intermediary who by the agent's, broker's, or other intermediary's occupation holds the person out as having such knowledge or skill.

{¶ 16} In his affidavit attached to the February 8, 2019 motion for summary judgment, Mr. Madenfort averred at ¶ 8: "Madenfort Excavating is not now, nor has it ever been, in the business of buying and selling excavators." Mr. Madenfort averred the same for himself, individually, at ¶ 7. In response to appellant's admissions request attached to the February 22, 2019 memorandum in opposition, Mr. Madenfort admitted at Nos. 11

and 12 that "Madenfort Excavating uses excavators" and "Madenfort Excavating uses excavators and that Mitch Madenfort knows how to operate an excavator."

{¶ 17} In response to appellee's admissions request attached to the motion for summary judgment at No. 9, appellant admitted his "primary business is not buying or selling excavators." In his affidavit attached to the memorandum in opposition, appellant averred at ¶ 4 and 5: "Madenfort Excavating, Ltd., is an excavation company that holds itself out to the public as having knowledge or skills in excavating and using excavators" and "I own and operate a landscaping business [that] regularly utilizes an excavator."

{¶ 18} In its March 18, 2019 judgment entry granting summary judgment to appellee, the trial court determined the oral agreement did not comply with the statute of frauds ($40,000), and the "merchant" exception did not apply as "[n]either of the parties in this matter are in the primary business of buying and/or selling excavators." The trial court found appellant operates a landscaping business that uses excavators and appellee is an excavating company that uses excavators. In support of its decision, the trial court cited the case of *Advanced Dirt Works v. C.L. Bridges Equipment Co.,* 2d Dist. Champaign No. 97-CA-11, 1998 WL 151102 (Apr. 3, 1998). In *Advanced* at *3, our colleagues from the Second District found an excavating contractor was not a "merchant" as defined in R.C. 1302.01(A)(5) in a dispute involving a backhoe. Appellant correctly points out this case involved R.C. 1302.44(B), a good faith purchaser of goods, not the statute of frauds. R.C. 1302.44(B) refers to a "merchant who deals in goods of that kind." It does not consider the person's knowledge or skill as set forth in R.C. 1302.01(A)(5) cited above.

{¶ 19} Nevertheless, in reviewing the affidavits and admissions filed in this case, we concur with the trial court's analysis that the "merchant" exception does not apply sub

judice. Neither party "deals" in excavators. Each party uses excavators to provide services, appellee/landscaping and appellant/excavating. Although their respective occupations providing these services holds each party "out as having knowledge or skill peculiar to the practices or goods involved in the transaction," we find said knowledge and skill pertains to the operation and use of excavators, not the selling of excavators. Each party is merely a consumer of excavators. We find R.C. 1302.04(B) applies "to a merchant in his mercantile capacity." 1961 Official Comment, UCC 2-104(2) [R.C. 1302.01]. The "mercantile capacity" of each party in this case is to provide a service.

{¶ 20} Upon review, we find the trial court did not err in granting summary judgment to appellee.

By Wise, Earle, J.

Baldwin, J. concurs.

Hoffman, P.J. dissents.

EEW/db

*Hoffman, P.J., dissenting*

**{¶21}** I respectfully dissent from the majority opinion. I do agree with the majority neither party "deals" in excavators in the sense neither party is in the primary business of buying and/or selling excavators. As such neither party qualifies for the merchant exception to the statute of fraud under the first part of the definition of a "merchant" found in R.C. 1302.01(A)(5).

**{¶22}** But, unlike the majority, I find, when considering the evidence in a light most favorable to Appellant as required as Civ.R. 56, reasonable minds could disagree whether both of the parties are merchants under the second part of the statutory definition of "merchant." The fact Appellee runs an excavation business and necessarily needs to purchase and possibly sell or trade-in excavators to transact its business, reasonably supports a finding Appellee holds itself out to the public as having knowledge or skills peculiar to excavating. Such knowledge is further demonstrated by Appellee's willingness to purchase a new excavator at a certain price and to determine what constitutes a fair price for the used excavator Appellee agreed to sell to Appellant.

**{¶23}** In a similar fashion, Appellant's use of an excavator in his landscape business and his assessment of the fair market value of the used excavator he intended to purchase from Appellee, would reasonably support a finding Appellant holds himself out as having knowledge or skill peculiar to the excavation practice or good(s) involved.

**{¶24}** I find the parties knowledge or skill goes beyond the mere operation and use of excavators, and, in fact, extends to the selling of excavators as evidenced by their mutual agreement as to the fair market value for the used excavator, a knowledge of which is certainly beyond that of most people (including this writer and I venture to say my colleagues on the bench), but not of those engaged in the excavation business.

{¶25} Accordingly, I would sustain Appellant's assignment of error and reverse the trial court's grant of summary judgment in favor of Appellee.