[Cite as *Mitchell v. Mansfield*, 2021-Ohio-2421.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOYCE MITCHELL | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CITY OF MANSFIELD | : | Case No. 2020 CA 0067 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2018 CV 0452

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 14, 2021

APPEARANCES:

For Plaintiff-Appellant

BRYAN D. THOMAS
490 City Park Avenue
Columbus, OH 43215

BRIAN K. DUNCAN
119 East Granville Street
Sunbury, OH 43074

For Defendant-Appellee

GREGORY A. BECK
TONYA J. ROGERS
400 South Main Street
North Canton, OH 44720

CHRISTOPHER L. BROWN
30 North Diamond Street
Mansfield, OH 44902

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Joyce Mitchell, appeals the September 29, 2020 order of the Court of Common Pleas of Richland County, Ohio, granting summary judgment to Defendant-Appellee, City of Mansfield.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant owns a property located on Fourth Street in Mansfield, Ohio.  The property contained a residential structure described as a seven-unit apartment complex, but the structure had not been occupied since 2009.   In 2016, appellee received complaints about the structure being a nuisance.

{¶ 3}   In January 2017, with appellant's permission, appellee conducted an inspection of the structure.  The inspection resulted in deeming the structure unsafe as it was a nuisance, abandoned, and posed an imminent threat to the health and safety of the surrounding neighborhood.   The structure was ordered to be demolished.   This determination was memorialized in a January 23, 2017 letter and notice sent to appellant. The notice included information on how to appeal the demolition order within 10 days. Appellant was told to immediately remove her personal property from the structure.

{¶ 4}   On January 27, 2017, appellant filed an appeal with the Mansfield Certified Building Division, but did not pay the filing fee as required.  On February 15, 2017, after the ten-day appeal deadline had passed, appellant filed an application with the city planning commission requesting a hearing and paid the required fee.  A hearing was held on February 28, 2017.  At the hearing, appellant did not object to the demolition order, but requested that it fall "within the guidelines of the Constitution of the United States, and the Bill of Rights, and specifically the Fifth Amendment and the Fourteenth Amendment." She also requested time to retrieve her personal property from the structure.  Appellant

was informed the demolition would proceed and was granted additional time to remove her personal property. Via letter dated March 28, 2017, appellant was noticed she had until June 10, 2017 to remove her personal property. Appellant failed to do so.

{¶ 5} In October 2017, appellant filed a complaint against appellee requesting in part an injunction. The complaint was voluntarily dismissed in April 2018.

{¶ 6} On June 19, 2018, appellee passed a resolution to demolish the structure.

{¶ 7} On July 5, 2018, appellant filed a complaint against appellee, again requesting in part an injunction, but did not take any further action to obtain the injunction to prevent the demolition. The structure was demolished over a year later in August 2019. Thereafter, on November 22, 2019, appellant filed an amended complaint seeking a writ of mandamus for unlawful taking, a temporary restraining order/preliminary injunction, and declaratory judgment. She also claimed 1983 violations of the Fifth Amendment, public policy violations, conversion, unjust enrichment, detrimental reliance, unlawful taking/regulatory taking, and inverse condemnation.

{¶ 8} On June 15, 2020, appellee filed a motion for summary judgment, claiming appellant failed to exhaust her administrative remedies, immunity, and genuine issues of material fact did not exist regarding her claims. By order filed September 29, 2020, the trial court granted the motion, finding no genuine issues of material fact to exist and appellant did not object to or raise any issue with the law cited by appellee.

{¶ 9} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 10} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE GENUINE ISSUES OF

MATERIAL FACT AS TO DEFENDANT'S COMPLYING WITH THE OHIO REVISED CODE AND/OR THE MANSFIELD CODIFIED ORDINANCES."

II

{¶ 11} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO DEFENDANT'S IDENTIFICATION OF A PROPERTY AS A NUISANCE."

III

{¶ 12} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO DEFENDANT'S OBLIGATION TO PROVIDE A SECOND NOTICE OF THE DEMOLITION DATE."

IV

{¶ 13} "THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NO VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS."

V

{¶ 14} "THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW."

{¶ 15} The assignments of error challenge the trial court's order to grant summary judgment to appellee. Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 16} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 17} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot

prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.  The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case.  Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims.  If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.  However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."  The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 18} Attached to appellee's motion for summary judgment were numerous authenticated exhibits. Also, six depositions were filed in support of the motion. Appellant filed a response with nothing attached.

I, III, IV

{¶ 19} In her first assignment of error, appellant claims the trial court erred in granting summary judgment to appellee because genuine issues of material fact existed as to appellee's compliance with the applicable statutes and ordinances.

{¶ 20} In her third assignment of error, appellant claims the trial court erred in granting summary judgment to appellee because genuine issues of material fact existed as to appellee's obligation to provide a second notice of the demolition date.

{¶ 21} In her fourth assignment of error, appellant claims the trial court erred in finding there was no violation of her due process rights.

{¶ 22} We disagree with all three arguments.

{¶ 23} In her appellate brief at 3-4, appellant argues the following:

Defendant's failure to comply with the Ohio Revised Code and/or the Mansfield Codified Ordinances has caused a denial of Plaintiff's Due Process rights, and the genuine issues raised by Plaintiff as to whether Defendant complied with applicable statutes should have precluded summary judgment. The Trial Court incorrectly concludes that Plaintiff did not oppose the demolition, but fails to note the evidence proffered by Plaintiff contradicting this statement. When properly construed in favor of Plaintiff as the non-movant, there are genuine issues of fact whether Defendant appropriately resolved Plaintiff's administrative appeal in accordance with Ohio Revised Code and/or the Mansfield Codified Ordinances.

{¶ 24} In her appellate brief at 6, appellant argues the following:

The Trial Court record demonstrates that Defendant did not afford Plaintiff sufficient due process by failing to provide a second notice of a demolition date. As the evidence and testimony in the record shows, Defendant was aware of Plaintiff's pending claims and was notified that she was appealing the initial decision. When viewed in favor of Plaintiff, her statements and notices issued to Defendant constitute a request for appeal. Pursuant to Ohio law, due process required that Defendant issue appropriate notice prior to its actions of depriving Plaintiff of her property.

{¶ 25} In her appellate brief at 7, appellant argues the following:

The Trial Court record shows that Plaintiff had appealed the administrative decision, and that Defendant was aware of her pending claims regarding the same. Nonetheless, Defendant proceeded with the demolition process without properly notifying Plaintiff of the same, nor affording Plaintiff with an opportunity for a pre-deprivation hearing. The Trial Court record, when viewed in favor of Plaintiff as non-movant, contains numerous issues of material fact regarding deficiencies in notice, lack of a hearing, and/or violations of Ohio or Mansfield which amount to a failure to satisfy due process requirements.

{¶ 26} Appellant does not identify which statutes and ordinances were violated regarding her due process rights and/or in general, and does not identify what proffered evidence contradicted the finding that she opposed the demolition. She does not cite to any statute or ordinance that requires a second notice of a demolition date. The arguments cited above are merely blanket arguments without citation to anything in the record to support the existence of genuine issues of material fact on the complained of issues.

{¶ 27} The statutes and ordinances that come into play in this case are found in the Ohio Revised Code under R.C. Chapter 715 and Part Thirteen of the Codified Ordinances of Mansfield, Ohio. In its September 29, 2020 order granting summary judgment, the trial court analyzed the applicable statutes and ordinances and found the notice and demolition order "complied with the due process requirements" and appellant was "granted a hearing even though she did not file her completed appeal in the time required under the Ordinance."

{¶ 28} Our review of the applicable statutes and ordinances as well as the exhibits attached to appellee's motion for summary judgment and the filed depositions confirms the trial court's findings. Appellant was properly noticed of the demolition order and the inspection deeming the structure to be unsafe and declaring it to be a nuisance and abandoned, the notice contained information about her right to appeal, she improperly filed her appeal yet was afforded a hearing on February 28, 2017, she specifically stated she did not object to the demolition order as she merely wanted more time to retrieve her personal property from the structure, and she agreed as a "sovereign citizen" she did not accept the laws adopted by the city. Mitchell depo. at 11-14, 26, 28-32; Rice, Jr. depo. at 20-22, 23-24; Spon depo. at 12, 18, 23; Donaldson depo. at 10-11; Exhibits 1, 2, and

4 attached to Defendant's June 15, 2020 Motion for Summary Judgment.  By letter dated March 28, 2017, appellant was granted additional time to remove her personal property until June 10, 2017, and in a letter addressed to appellant's counsel dated August 21, 2017, appellee informed appellant the demolition was to proceed "in the near future" and advised her to "immediately remove all personal property from the structure."  Rice, Jr. depo. at 32; Spon depo. at 14; Exhibits 7 and 9 attached to Defendant's June 15, 2020 Motion for Summary Judgment.  Appellant admitted to receiving all notices and letters. Mitchell depo. at 11-13, 29-32.

{¶ 29} The structure was not demolished until August 2019.  We find appellant received appropriate notice, was afforded a hearing, and was granted sufficient time to retrieve her personal property.

{¶ 30} Upon review, we do not find genuine issues of material fact existed as to appellee's compliance with the applicable statutes and ordinances, appellee's obligation to provide a second notice of the demolition date, and any denial of appellant's due process rights.

{¶ 31} Assignments of Error I, III, and IV are denied.

II

{¶ 32} In her second assignment of error, appellant claims the trial court erred in granting summary judgment to appellee because genuine issues of material fact existed as to appellee's identification of a property as a nuisance.  We disagree.

{¶ 33} In her appellate brief at 5, appellant argues the following:

In light of the foregoing, the Trial Court erred in granting summary

judgment in favor of Defendants as Plaintiff's claims for "wrongful

demolition" arise from an unreasonable exercise of the City of Mansfield's nuisance abatement powers. Contrary to the analysis of the Trial Court, Plaintiff is entitled to just compensation for the demolition of her property when she can show that Defendant's (sic) acted arbitrarily or unreasonably.

{¶ 34} Again, appellant makes a blanket argument without citation to anything in the record to support the existence of genuine issues of material fact on the complained of issue. Appellant does not elaborate on how appellee unreasonably exercised its nuisance abatement powers and/or acted arbitrarily or unreasonably.

{¶ 35} R.C. Chapter 715 grants general powers to municipal corporations. R.C. 715.26 through 715.30 grants powers related to buildings and construction. Under R.C. 715.26, any municipal corporation may:

(A) Regulate the erection of buildings or other structures and the sanitary condition thereof, the repair of, alteration in, and addition to buildings or other structures;

(B) Provide for the inspection of buildings or other structures and for the removal and repair of insecure, unsafe, or structurally defective buildings or other structures under this section or section 715.261 of the Revised Code.

{¶ 36} R.C. 715.261 entitles municipal corporations to collect the costs of abatement activities which includes "[r]emoving, repairing, or securing insecure, unsafe, structurally defective, abandoned, deserted, or open and vacant buildings or other

structures" and "[a]batement of any nuisance by a municipal corporation or its agent pursuant to division (E) of this section."  R.C. 715.26(B) codifies the due process and notice requirements needed for "the removal and repair of insecure, unsafe, or structurally defective buildings or other structures under this section or section 715.261 of the Revised Code."  Appellee's building code ordinances can be found at Part Thirteen of the Codified Ordinances of Mansfield, Ohio.

{¶ 37} Appellee followed all the applicable statutes and ordinances.  Appellant's property was not "taken" as she still owns the property.  The structure on the property was demolished after being deemed unsafe and declared a nuisance and abandoned.  At no point during the administrative process did appellant argue against the findings of "unsafe," "nuisance," and "abandoned," nor did she contest the demolition order.

{¶ 38} As properly noted by the trial court in its September 29, 2020 order:

> The Supreme Court of the United States has held in a long line of cases that the State's use of its "police powers" to abate a nuisance is not a Takings Clause violation.  [See *Lucas v. S.C. Costal Council,* 505 U.S. 1003, 1022, 112 S.Ct. 2886, 120 L.Ed.2d 798.]  There was no taking therefore, the Plaintiff has no right to "just compensation."

{¶ 39} Upon review, we do not find genuine issues of material fact existed as to appellee's identification of a property as a nuisance.

{¶ 40} Assignment of Error II is denied.

V

{¶ 41} In her fifth assignment of error, appellant claims the trial court erred in finding appellee was entitled to judgment as a matter of law.  We disagree.

{¶ 42} In her appellate brief at 7-8, appellant argues the following:

   The Trial Court record reflects genuine issues of fact as to whether Plaintiff appealed the demolition, whether the City properly held a hearing on the same, whether the City issued appropriate notice prior to demolishing Plaintiff's property.   In light of these issues, Defendant's Motion for Summary Judgment should have been denied in its entirety * * *.

{¶ 43} Appellee has demonstrated no issues of material fact to exist regarding the stated issues.  Appellee sent appropriate notice and afforded appellant a hearing even though she failed to properly appeal the demolition order.  Appellee granted appellant extra time to retrieve her personal property from the structure, but she chose not to do so.  Appellant never pursued an injunction to stop the demolition which occurred over two years after the demolition order was issued.  Appellant has not met her reciprocal burden to set forth specific facts showing there is a genuine issue for trial.

{¶ 44} Upon review, we find the trial court did not err in granting summary judgment to appellee.

{¶ 45} Assignment of Error V is denied.

{¶ 46} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db